UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIGUEL PARRACHO,<br><br>  Plaintiff,<br><br>v.<br><br>MEDICREDIT, INC.,<br><br>  Defendant. | CIVIL ACTION<br><br><br>COMPLAINT 4:21-cv-00128<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, MIGUEL PARRACHO ("Plaintiff"), by and through his undersigned counsel, complaining of the Defendant, MEDICREDIT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in this district.

### PARTIES

4. MIGUEAL PARRACHO ("Plaintiff") is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in Monroe, New Jersey.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

1

6. MEDICREDIT, INC. ("Defendant") is a debt collection agency organized under the law of the state of Missouri.

7. Defendant's principal place of business is located at 111 Corporate Office Drive, Earth City, Missouri 63045.

8. Defendant regularly attempts to collect debts allegedly owed by consumers residing in the state of New Jersey.

9. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

## FACTS SUPPORTING THE CAUSE OF ACTION

10. At some point, Plaintiff received medical services from Osceola Regional Medical Center ("Osceola").

11. Unfortunately, due to unforeseen financial difficulties, Plaintiff was unable to pay his obligation to Osceola.

12. In or around July 2020, Plaintiff started receiving unwanted phone calls from Defendant regarding the debt owed to Osceola ("subject debt").

13. What was strange regarding the collection calls, was that Plaintiff's phone would not ring.

14. Plaintiff would only discover a pre-recorded message deposited into his voicemail.

15. Plaintiff, to the best of his knowledge, has yet to receive a call from Defendant that did not involve depositing a pre-recorded message into his voicemail.

16. Furthermore, Plaintiff has yet to be able to speak with a live representative of Defendant's regarding the subject debt.

17. As time went on, Defendant has called Plaintiff's family members, on multiple occasions, in an attempt to collect the subject debt.

18. Specifically, on more than one occasion, Defendant has left pre-recorded voice mails for Plaintiff's aunt and uncle, which state, "Hello, we are calling from MediCredit on behalf of Osceola Regional Medical Center. This is a call from a debt collector. Please return our call at (800) 823-2318 Monday through Friday during normal business hours. . ."

19. Additionally, on more than one occasion, Defendant has left the same pre-recorded voicemail for Plaintiff on his cellular telephone.

20. Plaintiff, frustrated that his private and personal information was being provided to third parties felt helpless to stop the collections.

21. At no point did Plaintiff provide any consent for his aunt or uncle or anyone else to be contacted by Defendant.

22. Upon receiving this information Plaintiff was embarrassed and ashamed that such personal information was shared with third parties.

23. Concerned with the detail to which Defendant disclosed information regarding the subject debt, which is a direct, substantive and material violation of the FDCPA, Plaintiff sought and retained counsel to help with this matter.

## CLAIMS FOR RELIEF

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges the preceding paragraphs as though fully set forth herein.

25. The subject debt on which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes (medical debt).

### a.  Violations of FDCPA § 1692b and b(2)

26. Section 1692b of the FDCPA regulated how debt collectors can communicate with third parties.

27. Specifically, § 1692b(2) states that a debt collector communicating with a third party can "not state that such consumer owes any debt."

28. Defendant violated §§ 1692b and b(2) when it knowingly disclosed information through pre-recorded voicemails to Plaintiff's aunt and unable regarding the nature, amount, and status of the subject debt.

29. Specifically, Defendant placed phone calls to and left pre-recorded voicemails for Plaintiff's aunt and uncle that disclosed information to Plaintiff's aunt and uncle without verifying the identity of the person that it was calling.

### b.  Violations of FDCPA §§1692c and c(b)

30. Section 1692c of the FDCPA regulates communication in connection with debt collection.

31. Specifically, §1692c(b) states that "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

32. Defendant violated §§ 1692c and c(b) when it knowingly communicated with and disclosed to Plaintiff's aunt and uncle that it was attempting to collect a debt from Plaintiff, the nature of the debt, and the amount of the debt.

WHEREFORE Plaintiff, MIGUEL PARRACHO, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 2, 2021                                    Respectfully submitted,

*/s/* Victor T. Metroff
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180 (phone)
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com